PATRICK M. HILL *v.* BENJAMIN ANDERSON'S ADM'R, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—269.]

**Title to Real Estate—Lien.**

> The mere existence of a lien on real estate, if set up by one having a right to be heard, is no defense to the owner's claim to title, which cannot be defeated except by some one holding a superior claim.

### APPEAL FROM HARRISON CIRCUIT COURT.

September 7, 1880.

OPINION BY JUDGE COFER:

The trustee, Benjamin Anderson, was seized of the lot in contest for the use of Mrs. Hill, and there having been living issue of the marriage, he is entitled to all estate by the curtesy. Sec. 1, Art. 4, Chap. 52, Gen. Stat., which is the same as the provision of the Revised Statutes. The trustee sought to defeat the claim of the husband on the ground that he was not seized for the use of the wife during her life, because, as he alleged, her father was tenant by the curtesy to his deceased wife. But the evidence wholly fails to sustain that defense.

It is inferable from the record that the trustee is dead, and one claiming to be his administrator seems to have filed an answer, though we do not perceive what interest he, as administrator, can have in this litigation.

It appears from the report of sale in the suit of Masser v. Anderson, a copy of which is in this record, that a person bearing the same name, as the administrator of Benjamin Anderson, became the purchaser. If the property was sold under a judgment in a suit to which the appellant was a party, the purchaser may have acquired a good title; but the sale and purchase should have been set up in an appropriate pleading, and the record of that proceeding should have been exhibited so as to show that the appellant was bound by the judgment and sale. The mere existence of the lien, even if set up by one having a right to be heard, is no defense to the appellant's claim, which is a legal claim and one that cannot be defeated except by some one holding a superior claim; and no such claim having been manifested, the judgment must be *reversed* and the cause remanded for further proper proceedings.

The appeal prosecuted was granted in this court, and the motion to dismiss is *overruled.*

*A. Perrin, C. W. West, for appellant.*

*T. F. Forman, for appellees.*